DYK, Circuit Judge,
concurring in part and dissenting in part.
I agree with the majority that under the Supreme Court’s decision in Caraco Pharmaceutical Laboratories, Ltd. v. Novo Nordisk A/S, — U.S. -, 132 S.Ct. 1670, 182 L.Ed.2d 678 (2012), Novo’s use code is not correct and Caraco is entitled to an injunction requiring Novo to correct its use code. I respectfully dissent to the extent that the majority suggests the district court cannot order Caraco to adopt a compliant use code but only enjoin the use of an improper use code. As in the original decision, such an approach would read into the statute limitations that are not there.
The counterclaim provision entitles Caraco to the remedy of “an order requiring the [NDA] holder [i.e., Novo] to correct ... the patent information [i.e., the use code].” 21 U.S.C. § 355(j)(5)(C)(ii)(I). On its face this provision appears to allow the district court to require a particular use code as a corrective measure. See Webster’s Third New International Dictionary 511 (2002) (defining correct, in the year before the counterclaim provision’s enactment, as “to make or set right,” “remove the faults or errors from,” or “alter or adjust so as to bring to some standard or required condition”). Traditionally, district courts have broad inherent authority to shape remedial injunctive orders. See Lemon v. Kurtzman, 411 U.S. 192, 200, 93 S.Ct. 1463, 36 L.Ed.2d 151 (1973) (“In shaping equity decrees, the trial court is vested with broad discretionary power; appellate review is correspondingly narrow.”); Hecht Co. v. Bowles, 321 U.S. 321, 329, 64 S.Ct. 587, 88 L.Ed. 754 (1944) (noting that district courts have inherent equitable authority to “mould each decree to the necessities of the particular case”). In particular, it is established that courts have authority to require specific affirmative acts through mandatory injunctions. See California v. Am. Stores Co., 495 U.S. 271, 280-83, 110 S.Ct. 1853, 109 L.Ed.2d 240 (1990) (holding that a statute entitling a party to “have injunctive relief’ entitles parties to both prohibitory and mandatory injunctions under the “traditional principles of equity”); Morrison v. Work, 266 U.S. 481, 490, 45 S.Ct. 149, 69 L.Ed. 394 (1925) (stating that a mandatory injunction may be granted “in the exercise of a sound judicial discretion”); 1 Dan B. Dobbs, Dobbs Law of Remedies § 2.9 (2d ed.1993).
“[T]he comprehensiveness of this equitable jurisdiction is not to be denied or limited in the absence of a clear and valid legislative command.” Weinberger v. Romero-Barcelo, 456 U.S. 305, 313, 102 S.Ct. 1798, 72 L.Ed.2d 91 (1982) (emphasis added) (quoting Porter v. Warner Holding Co., 328 U.S. 395, 398, 66 S.Ct. 1086, 90 L.Ed. 1332 (1946)); see also United States v. Oakland Cannabis Buyers’ Coop., 532 U.S. 483, 496, 121 S.Ct. 1711, 149 L.Ed.2d 722 (2001). There is no “clear and valid legislative command” constraining the district court’s broad discretionary power over the scope of the order requiring Novo to correct its use code. See 21 U.S.C. § 355(j)(5)(C)(ii)(I). The majority may suggest that the district court’s injunction was somehow improper because FDA regulations make the branded company responsible for initially proposing a use code,[1] but those regulations do not con *770 strain the court’s authority under the counterclaim provision to order a correction, and do not purport to do so. No statute or regulation says that a use code cannot be corrected by a court under the counterclaim provision. The use code information is simply the description of the scope of the patent. Courts routinely construe the scope of patent protection, so there is hardly anything unusual in the court’s doing exactly the same thing in the context of the counterclaim provision.
Analogously, when the inventorship of a patent is challenged, 35 U.S.C. § 256 allows a court to “order correction of the patent.” As with the FDA filings, the patent applicant is required to list the inventors in the first instance and to file an oath or declaration indicating that the inventor list is correct. 37 C.F.R. § 1.63. We have never limited district courts’ authority under this provision to ordering only general correction of an incorrect list of inventors, rather than directing who should be added or removed as a co-inventor. See, e.g., Bd. of Educ. ex rel. Bd. of Trs. of Fla. State Univ. v. Am. Bioscience, Inc., 333 F.3d 1330, 1342 (Fed.Cir.2003) (“[W]e conclude that Soon-Shiong and Desai are coinventors with Tao of the compounds claimed in the '653 patent, but that Holton, Nadizadeh, and Yang are not.”).
In its opinion in this case, the Supreme Court noted that “[a]n overbroad use code” like-Novo’s “throws a wrench into the FDA’s ability to approve generic drugs,” and that the counterclaim provision was enacted to remedy this problem. Caraco, 132 S.Ct. at 1684. Novo should not be permitted to throw in a new wrench each time one is removed by offering new overbroad use codes and forcing Caraco to seek correction of each one. Such an approach could potentially hamstring the district court by denying it the authority to state what the correct code is. This is a particularly easy case because the district court merely ordered the reinstatement of the use code originally proposed by Novo.

. Within 30 days of approval of a new drug, "the applicant shall submit FDA Form 3542 fer each patent that claims the drug substance (active ingredient), drug product (formulation *770 and composition), or approved method of use.” 21 C.F.R. § 314.53(c)(2)(ii). The required information on Form 3542 includes "[t]he description of the patented method of use” for each method-of-use patent. Id. § 314.52(c)(2)(ii)(P)(3).